NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 19 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANDY CARL EILAND, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> DWAYNE SIGMON, <br><br> Defendant - Appellee. | No. 24-3539 <br><br> D.C. No. 2:23-cv-00926-MTL--ESW <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 16, 2026**

Before:    SILVERMAN, NGUYEN, and HURWITZ, Circuit Judges.

Idaho state prisoner Randy Carl Eiland, who is housed in a private prison in Arizona, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging substantive due process violations arising from his refusal to report to the medical department. We have jurisdiction under 28 U.S.C. § 1291.

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under 28 U.S.C. § 1915A. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We affirm.

The district court properly dismissed Eiland's action because Eiland failed to allege facts sufficient to state a substantive due process claim. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must allege facts sufficient to state a plausible claim); *Corales v. Bennett*, 567 F.3d 554, 568 (9th Cir. 2009) ("Substantive due process forbids the government from depriving a person of life, liberty, or property in such a way that shocks the conscience or interferes with the rights implicit in the concept of ordered liberty." (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**